Case 4:22-cr-00489   Document 1   Filed on 10/06/22 in TXSD   Page 1 of 9

United States Courts
Southern District of Texas
FILED
*October 06, 2022*
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America, | § | |
| Plaintiff | § | CRIMINAL NO. 4:22-cr-489 |
| | § | |
| v. | § | |
| | § | |
| **OKWUDILI C. ANI,** | § | Counts 1 - Bank Fraud, 18 U.S.C §1344 |
| | § | 2 – False Statement, 18 U.S.C. § 1014 |
| Defendant | § | Notice of Criminal Forfeiture |

**INDICTMENT**

THE GRAND JURY CHARGES:

**COUNT ONE**
(Bank Fraud, 18 U.S.C. § 1344)

A. **INTRODUCTION**

1. The Federal Deposit Insurance Corporation ("FDIC") is an agency of the United States established to protect depositors of financial institutions by insuring accounts of depositors against loss up to $250,000.00 with the purpose of preventing their collapse and instilling public confidence in the nation's financial institutions. The FDIC is backed by the United States Government.

2. Bank of America ("BOA") was a financial institution with branches located in Houston, Texas, the deposits of its account holders were insured by the FDIC.

3. **Okwudili C. Ani,** defendant herein, owned and operated U S Global

Security Incorporated, which provided security services to various businesses in the Houston, Texas area.

## The Paycheck Protection Program

4. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or about March 2020 that was designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). In or about April 2020, Congress authorized over $300 billion in additional PPP funding.

5. In order to obtain a PPP loan, a qualifying business ("the Applicant/business") must submit a PPP loan application, which is signed by an authorized representative of the business. The PPP loan application requires the Applicant/business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the Applicant/business (through its authorized representative) must state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures are used to calculate the amount of money the business is eligible to receive under the PPP. In addition, the Applicant/business (through its

authorized representative) is required to answer certain questions about the business and its owner(s) including a certification that neither the Applicant/business nor any owner of the Applicant/business was involved in a bankruptcy. The Applicant/business is also required to provide certain supporting documentation.

6. A PPP loan application must be processed by a participating lender, such as a financial institution. If a PPP loan application is approved, the participating lender funds the PPP loan using its own monies, which are 100% guaranteed by the Small Business Administration ("SBA"). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, is transmitted by the lender to the SBA in the course of processing the loan.

7. PPP loan proceeds must be used by the business on certain permissible expenses: payroll costs, interest on mortgages, rent, and utilities. The PPP allows the interest and principal on the PPP loan to be entirely forgiven if the business spends the loan proceeds on these expense items within a designated period of time and uses a certain percentage of the PPP loan proceeds on payroll expenses.

## The Economic Injury Disaster Loan Program

8. The Economic Injury Disaster Loan ("EIDL") program is a Small Business Administration ("SBA") program that provides low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

9. Another source of relief provided by the CARES Act was the authorization

for the SBA to provide EIDLs of up to $2 million to eligible small business experiencing substantial financial disruption due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL. The amount of the advance is determined by the number of employees the applicant certifies he employs. The advances do not have to be repaid.

10. In order to obtain an EIDL and advance, a qualifying business must submit an application to the SBA and provide information about its operations, such as the number of employees, gross revenues for the 12-month preceding the disaster, and costs of goods sold in the 12-months period preceding the disaster. In the case of EIDLs for COVID-19 relief, the 12 month-period was the 12-months preceding January 31, 2020. The applicant must also certify that all the information in the application is true and correct to the best of the applicant's knowledge.

11. EIDL applications are submitted directly to the SBA and processed by that agency with help from a government contractor. The amount of the loan, if the applicant is approved, is determined based, in part, on the information provided by the application about employment, revenue, and costs of goods as described above. Any funds issued under an EIDL, or advance are issued directly by the SBA. EIDL funds can be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments. If the applicant also

4

obtains a loan under the PPP, the EIDL funds cannot be used for the same purpose as the PPP funds.

**SCHEME AND ARTIFICE**

12. Beginning on or about April 8, 2020 and continuing through on or about May 5, 2020, in the Houston Division of the Southern District of Texas, and elsewhere,

**OKWUDILI C. ANI**

defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud Bank of America, and to obtain money, funds and credit owned by and under the custody and control of Bank of America by means of materially false and fraudulent pretenses, representations and promises including the concealment of material facts.

**B. THE MANNER AND MEANS**

The manner and means of the scheme and artifice included, but were not limited to the following:

13. It was part of the scheme and artifice that the defendant would and make an application to Bank of America for a PPP loan and refinance of a loan through the EIDL program in the amount of $500,000, knowing that he did not have a loan through the EIDL program.

14. It was part of the scheme and artifice that the defendant would and submit

and cause to be submitted a Paycheck Protection Program Application Addendum certifying that the loan funds would be used to retain workers and maintain payroll or make mortgage payments, lease payments and utility payments as specified under the Paycheck Protection Program Rule.

15. It was part of the scheme and artifice that the defendant would and did receive $500,000.00 in PPP and EIDL loan refinance funds from Bank of America and would and did use them for the personal benefit of defendant.

16. **EXECUTION**

On or about May 5, 2020, in the Houston Division of the Southern District of Texas, and elsewhere,

**OKWUDILI C. ANI**

the defendant herein, executed and attempted to execute the aforesaid scheme and artifice to defraud, in that he caused Bank of America to disburse $500,000 to a bank account he controlled as a result of a false application for a PPP loan and refinance of a loan through the EIDL program.

In violation of Title 18, United States Code, Section 1344.

**COUNT TWO**
(False Statement, 18 U.S.C. § 1014)

1. The Grand Jury realleges the allegations in Count One from paragraphs 1

through 11 as if fully set herein at length herein.

2. On or about April 8, 2020, in the Houston Division of the Southern District of Texas,

### OKWUDILI C. ANI

defendant herein, made and caused to be made a false statement for the purpose of influencing the action of Bank of America, a financial institution whose deposits were insured by the Federal Deposition Insurance Corporation, in connection with the application submitted by defendant for a loan in the amount of $500,000 through the PPP and EIDL loan programs which falsely stated that defendant had received a EIDL when in truth and in fact the defendant knew that he had not. In violation of Title 18, United States Code, Section 1014.

### NOTICE OF CRIMINAL FORFEITURE
(Title 18, U.S.C. §982(a)(2))

Pursuant to Title 18, United States Code, Section 982(a)(2), the United States gives notice to defendant,

### OKWUDILI C. ANI

that in the event of conviction of any of the offenses charged in Counts One and Two of this Indictment, the United States intends to seek forfeiture of all property which

constitutes or is derived from proceeds obtained directly or indirectly from such offense.

## Property Subject to Forfeiture

Defendant is notified that the property subject to forfeiture includes, but is not limited to, the following real property, together with all improvements, buildings, structures and appurtenances:

(a) Real property located in Brookshire, Texas, which is legally described as follows:

> Lot 4, Block 6 of Kingsland Heights, Section One (1), a subdivision in Waller County, Texas, according to the map or plat thereof, recorded under Instrument No. 1806478 of the Official Public Records of Waller County, Texas, and being corrected by Affidavit of Correction filed under Clerk's File No. 1807392, of the Official Public Records of Waller County, Texas.

The record owner is defendant **OKWUDILI C. ANI**.

(a) Real property located in Brookshire, Texas, which is legally described as follows:

> Lot 10, Block 3 of Kingsland Heights, Section One (1), a subdivision in Waller County, Texas according to the map or plat thereof recorded under Instrument No. 1806478 of the Official Public Records of Waller County, Texas, and being corrected by Affidavit of Correction filed under Clerk's File No. 1807392, of the Official Public Records of Waller County, Texas.

The record owner is defendant **OKWUDILI C. ANI**.

## Money Judgment

The United States gives notice that it will seek a money judgment against the Defendant. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the Defendant up to the amount of the money judgment.

A True Bill:

**Original Signature on File**
Foreperson of the Grand Jury

JENNIFER B. LOWERY
UNITED STATES ATTORNEY

By: *John R. Braddock*
JOHN R. BRADDOCK
Assistant United States Attorney